UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Case No.: 5:05CV-171-R

In the Matter of the Complaint of
Bluegrass Marine, Inc., as Owner pro hac vice
of the M/V TITLETOWN U.S.A., Official No. 289724,
and Marquette Transportation Company, Inc.
For Exoneration From or Limitation of Liability

AND

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Case No.: 5:05CV-195-R

JANET DALE, as Personal Representative of
ROGER DALE, Deceased; CHRIS BETZ, as
Personal Representative of GARY BETZ, Deceased,
and DAVID CAUDILL, and CAMI CAUDILL, Wife
of David Caudill; and ABIGAIL SMITH and/or
MELINDA ENDERLE, as Personal Representative
BLAKE ENDERELE and TYLER ENDERELE
                                                    PLAINTIFFS

V.

BLUEGRASS MARINE, INC., as Owner pro hac vice
of M/V TITLETOWN U.S.A., MARQUETTE
TRANSPORTATION COMPANY, INC., as title owner,
JAMES GRIGGS and ISAAC ROSS
                                                    DEFENDANTS

**MEMORANDUM IN SUPPORT OF MOTION
TO DETERMINE JURY ISSUE**

On August 25, 2005 the M/V TITLETOWN collided with a houseboat on the Ohio River near Cincinnati. As a result three men aboard the houseboat were killed and a fourth survived. Shortly thereafter, Bluegrass Marine, Inc. as the owner pro hac

of M/V TITLETOWN U.S. A. and Marquette Transportation Company, Inc., filed a limitation of liability proceeding for the purpose of limiting damages of the claimants to the value of the vessel. Limitation actions are tried by Judge.

Additionally, claimants as plaintiffs filed a separate tort suit for their damages and asked that the matter be tried before a jury. These cases have been consolidated; however, defendants insist that this matter should be tried before a judge. They are only partially right. A bench trial should decide issues of limitation; however, a jury should be impaneled to decide the remaining issues should the judge deny limitation.

The case of *In re Great Lakes Dredge & Dock Co. 895 F Supp* 604 (S.D.N.Y. 1995) is on point. In that case, a tug owned by Great Lakes was pushing nine scows owned by Lone Star when they collided with a pleasure boat. Two of the occupants of the pleasure boat were killed, the third person was injured. The owners of the tug and of the scows filed for limitation of liability and/or exoneration from liability. The court ruled that it would conduct a bench trial to determined the issues of limitation or exoneration. A jury would be impaneled and would decide the remaining issues, if any.

Additionally, the owner of the vessel is the only person or entity entitled to limitation. The term "owner" is defined to include bareboat charterers; however, the right to limit does not extend to masters, officers or seamen.  *See 46 U.S.C. § 187; Zapata Haynie Corp. v. Arthur, 926 F.2d 484 (5th Cir. 1991)*. Plaintiffs have filed suit

against both the captain and the pilot; hence, plaintiffs are entitled to a jury with regard to these defendants. Accordingly, this matter should be decided by a judge on the basis of limitation of liability and should be tried by a jury on all other issues.

Respectfully submitted,

/s/ Kenneth S. Handmaker
Kenneth S. Handmaker (#28400)
MIDDLETON REUTLINGER
2500 Brown & Williamson Tower
Louisville, Kentucky 40202
Telephone: (502) 5841135

John L. Young (La. #2199)
251 Florida Street, Suite 402
Baton Rouge, Louisiana 70801
Telephone: (225) 387-8000

Michael H. Bagot, Jr. (La. #2665)
WAGNER & BAGOT, L.L.P.
Poydras Center - Suite 2660
650 Poydras Street
New Orleans, Louisiana 70130-6158
Telephone: (504) 525-2141
Attorneys for Plaintiffs