UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO: 5:05-CV-171-R

In the Matter of the Complaint of
Bluegrass Marine, Inc., as Owner *pro hac vice*
of the M/V TITLETOWN U.S.A. Official No. 289724,
and Marquette Transportation Company, Inc.,
For Exoneration from or Limitation of Liability

**OPINION AND ORDER**

This matter is before the Court upon the Plaintiffs' Motion to Compel (Docket #62). The Limitation Petitioners/Defendants responded (Docket #62).

The Plaintiffs seek an order from this Court compelling the Limitation Petitioners/Defendants to produce certain financial documents, including copies of annual profit and loss statements, balance sheets and/or financial statements from 2003-2006. The Plaintiffs assert that punitive damages were specifically pleaded in the complaint and they are entitled to information concerning the Limitation Petitioners/Defendants financial worth and ability to pay punitive damages.

In response, the Limitation Petitioners/Defendants argue (1) under Kentucky law, the financial condition of either party is not admissible in actions for punitive damages; (2) punitive damages need not be considered until the Court decides whether punitive damages should be considered, in which case any calculation of punitive damages may be done through a post-trial bifurcated hearing.

A case involving a watercraft collision on navigable waters, such as this one, falls within the admiralty jurisdiction of the Court. *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199, 206 (1996) (citing *Sisson v. Ruby*, 497 U.S. 358, 361-367 (1990); *Foremost Ins. Co. v. Richardson*, 457 U.S. 668, 677 (1982)). "The exercise of admiralty jurisdiction, however, 'does not result in

automatic displacement of state law.'" *Id.* (quoting *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 545 (1995)).  Traditionally, state remedies are applied in "maritime wrongful-death cases in which no federal statute specifies the appropriate relief and the decedent was not a seaman, longshore worker, or person otherwise engaged in a maritime trade." *Id*. at 202.   In *Yamaha*, the Supreme Court held that "state remedies remain applicable in such cases and have not been displaced by the federal maritime wrongful-death action recognized in *Moragne v. States Marine Lines, Inc*., 398 U.S. 375 (1970)." *Id.* (citing *Moragne*, where the Court recognized the federal maritime claim for wrongful-death).

"When Congress has prescribed a comprehensive tort recovery regime to be uniformly applied...there is...no cause for enlargement of the damages statutorily provided." *Id.* at 215. While the Supreme Court has held, interpreting the Jones Act, that damages recoverable in a suit for the wrongful death of a *seaman* are limited to pecuniary loss, *Miles v. Apex Marine Corp*., 498 U.S. 19, 31-32 (1990), Congress "has not prescribed remedies for the wrongful deaths of non-seafarers in territorial waters." *Id.* at 215.  Therefore, state wrongful death law applies to the determination of available damages in such cases. *Id.* at 216.  Thus, the damages available, if any, for the deaths of Roger Dale, Gary Betz, and Donald Gilliland are governed by Kentucky wrongful death law. *See id.*

As for the personal injury action of the survivor David Caudill, the Court can find no Sixth Circuit case speaking to whether punitive damages are available in personal injury actions brought by non-seamen under the general maritime law.  In similar cases, some courts have extended *Yamaha* and have "found that because Congress has not enacted a statute to address this factual situation," maritime law does not preclude nonpecuniary state-law remedies in a

personal injury case involving a non-seaman  *Hester v. Cottrell Contr. Corp.*, 2001 U.S. Dist. LEXIS 20899, at *7 (E.D. N.C. April 26, 2001); *see Schumacher v. Cooper*, 850 F. Supp. 438, 453-54 (D. S.C. 1994).  However, other courts have limited *Yamaha* to its facts and have precluded the availability of punitive damages in personal injury actions brought under the general maritime law under the rationale that admiralty remedies for personal injury have long existed and there is no need to look to state law for remedies in the case of non-seamen injured in state territorial waters.  *In re Amtrack "Sunset Limited" Train Crash*, 121 F.3d 1421, 1428-29 (11th Cir. 1997), cert. denied, 522 U.S. 1110 (1998).

       The Court believes that it is appropriate to follow the courts that have extended *Yamaha.* The *Yamaha* Court held that state law remedies apply to wrongful death claims of non-seamen in territorial waters because Congress had not prescribed remedies for such a situation.  *Yamaha*, 516 U.S. at 202.  Similarly, Congress has not prescribed remedies for personal injury claims of non-seamen injured in territorial waters.  Thus, Caudill may properly maintain a claim against the Defendants for punitive damages, and the damages available, if any, are governed by Kentucky wrongful death law.

       In Kentucky, punitive damages are available in a wrongful death action only when the death of a person results from an injury inflicted willfully or by gross negligence.  KRS § 411.130 (2008).  Further, Kentucky courts have long held that "in actions for punitive damages the parties may not present evidence or in any way advise the jury of the financial conditions of either side of the litigation."  *Hensley v. Paul Miller Ford, Inc*., 508 S.W.2d 759, 764 (Ky. 1974); *see Sand Hill Energy, Inc. v. Smith*, 142 S.W.3d 153, 167 (Ky. 2004); *Hardaway Mgmt. Co. v. Southerland*, 977 S.W.2d 910, 916 (Ky. 1998) ("It has been the law of this

Commonwealth for almost one hundred years that in an action for punitive damages, the parties may not present evidence or otherwise advise the jury of the financial condition of either side of the litigation.").

Therefore, because the Plaintiffs will not be allowed to present evidence to the Court at trial concerning the financial condition of the Defendants, the Plaintiffs have no use for such information. It is not relevant to their burden of proof on any of their claims.

For the foregoing reasons, the Plaintiffs' Motion to Compel is **DENIED.**

.